## UNITED STATES DISTRICT COURT
## DISTRICT MASSACHUSETTS

| | | |
|---|---|---|
| CHARLES RASO, TRUSTEE | ) | |
| of the MASSACHUSETTS BRICKLAYERS | ) | |
| AND MASONS HEALTH AND WELFARE, | ) | |
| PENSION AND ANNUITY FUNDS, | ) | |
| | ) | |
| Plaintiff, | ) | **C.A. No.:** |
| | ) | |
| v. | ) | |
| | ) | |
| SOMAIO COMPANY, INC., D.A. SOMAIO | ) | |
| INCORPORATED and DENNIS A. SOMAIO | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT
### Count I
(as against Somaio Company, Inc.)

1.     This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., brought on behalf of Massachusetts Bricklayers and Masons Health and Welfare, Pension and Annuity Funds ("Funds") for damages and injunctive relief arising from unpaid and delinquent employee benefits contributions.

2.     This court has jurisdiction pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1) and venue lies in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

3.     Plaintiff, Charles Raso, is the Trustee of the Funds and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).   The Funds are "multi-employer plans" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and "employee benefit plans" or "plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C., § 1002(3).   The Funds have a principal office at and are administered from 645 Morrissey Boulevard, Boston, Massachusetts.

4.     Defendant Somaio Company Inc. ("Somaio Company") is an employer with a place of business at 6 Mt. Vernon Road, E. Weymouth, MA.  Defendant Somaio Company is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §152(2), (6) and (7).

5.     Defendant D.A. Somaio Incorporated ("D.A. Somaio") is an employer with a place of business at 38 Frye Street, Marlborough, MA.  Defendant D.A. Somaio is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §152(2), (6) and (7).

6.     Defendant Dennis A. Somaio is an individual having an address in Marlborough, Massachusetts.

7.     Bricklayers and Allied Craftsmen Local Union No. 3, Massachusetts, Maine, New Hampshire, Rhode Island ("BAC Local 3") is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

8.     At all material times, Defendant Somaio Company was obligated by the terms of one or more collective bargaining agreements between it and BAC Local 3 and by the terms of Agreements and Declarations of Trust of the Massachusetts Bricklayers and Masons Health and Welfare, Pension and Annuity Funds, to which Defendant Somaio Company was bound to make contributions to the Funds on behalf of certain employees.

9.     Defendant Somaio Company has failed to make required contributions to the Funds in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiff demands that judgment enter against the Defendant Somaio Company, Inc. in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

A.     Awarding the Funds the following amounts:

     i.     the unpaid health, pension and annuity contributions;

     ii.    interest on unpaid health, pension and annuity contributions at a rate of 1.5% per month from the date payment was due;

     iii.   liquidated damages pursuant to the collective bargaining agreements; and

     iv.   all costs and reasonable attorney's fees incurred by the Funds in connection with this action.

B.    Ordering such other and further relief as this court may deem just and proper

Count II
(as against D.A. Somaio Incorporated)

10.    Plaintiff hereby incorporates by reference as if set forth herein paragraphs 1-10 of this Complaint.

11.    D.A. Somaio was incorporated on February 9, 2009

12.    D.A. Somaio and Somaio Company have a continuity of ownership and/or supervision.

13.    Defendant D.A. Somaio is an alter ego of and/or successor to Defendant Somaio Company.

14.    As an alter ego of and/or successor to Somaio Company, D.A. Somaio is liable for the unpaid employee benefit contributions owed to the Funds by Somaio Company.

WHEREFORE, Plaintiff demands that judgment enter against Defendant D.A. Somaio Incorporated in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

A.    Awarding the Funds the following amounts:

     i.     the unpaid health, pension and annuity contributions;

     ii.    interest on unpaid health, pension and annuity contributions at a rate of 1.5% per month from the date payment was due;

     iii.   liquidated damages pursuant to the collective bargaining agreements; and

        iv.     all costs and reasonable attorney's fees incurred by the Funds in connection with this action.

B.     Ordering such other and further relief as this court may deem just and proper

## Count III
### (as against Dennis A. Somaio)

15.     Plaintiff hereby incorporates by reference as if stated herein paragraphs 1 through 14 of this complaint.

16.     Defendant Dennis A. Somaio is the principal owner and manager of D.A. Somaio.

17.     Defendant Dennis A. Somaio is an alter ego of D.A. Somaio.

18.     Defendant Dennis A. Somaio, as an alter ego of D.A. Somaio, is personally liable for the unpaid employee benefit contributions owed to the Funds by D.A. Somaio.

19.     Defendant Dennis A. Somaio has failed to make required contributions to the Funds in violation of Section 515 of ERISA, 29 U.S.C. § 1145

WHEREFORE, Plaintiff demands that judgment enter against Defendant Dennis A. Somaio in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

A.     Awarding the Funds the following amounts:

        i.     the unpaid health, pension and annuity contributions;

        ii.     interest on unpaid health, pension and annuity contributions at a rate of 1.5% per month from the date payment was due;

        iii.     liquidated damages pursuant to the collective bargaining agreements; and

        iv.     all costs and reasonable attorney's fees incurred by the Funds in connection with this action.

B.     Ordering such other and further relief as this court may deem just and proper

Dated: September 13, 2010                              Respectfully submitted,

                                                       For the Plaintiff,


                                                       /s/ Catherine M. Campbell
                                                       Catherine M. Campbell, Esq.
                                                       BBO#549397
                                                       Feinberg, Campbell & Zack, P.C.
                                                       177 Milk Street, 3rd Floor
                                                       Boston, MA 02109
                                                       (617) 338-1976




## CERTIFICATE OF SERVICE

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

Dated: September 13, 2010                              /s/ Catherine M. Campbell
                                                       Catherine M. Campbell